**SINNETT LAW, APC.**
Wayne A. Sinnett, Esq. (SBN: 302987)
ws@sinlegal.com
3919 30th Street
San Diego, CA 92104
Tel: (619) 752-0703
Fax: (619) 330-2120

*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA ARANA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MONTEREY FINANCIAL SERVICES INC.,<br><br>Defendant. | Case No.: 15-CV-2262-LAB BGS<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS PURSUANT TO 15 U.S.C. § 1692K(A)(3)**<br><br>**DATE:** December 14, 2015<br>**TIME:** 11:30 AM<br>**COURTROOM:** 14A<br><br>**JUDGE:** Hon. Larry A. Burns |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND COSTS**

## I. INTRODUCTION

Plaintiff, PATRICIA ARANA ("Plaintiff"), filed suit against Defendant MONTEREY FINANCIAL SERVICES, INC. ("Defendant") for violations of The Fair Debt Collection Practices Act, ("FDCPA") 15 U.S.C. § 1692, *et seq*.; and The Rosenthal Fair Debt Collection Practices Act, ("RFDCPA") Cal. Civ. Code § 1788, *et seq*. [ECF No. 1].

The parties engaged in initial attempts to resolve the case but were unsuccessful. Defendant then answered the Complaint and made a Rule 68 Offer of Judgment for full statutory damages plus attorney's fees and costs. [ECF No. 8]. Plaintiff timely accepted Defendant's Offer of Judgment and the Court entered judgment against Defendant in favor of Plaintiff. [ECF Nos. 8 and 9].

Counsel for both parties conferred in an attempt to resolve Defendant's liability for attorney's under the judgment but were unable to come to an agreement. [See Declaration of Wayne A. Sinnett ("Sinnett Decl." ¶¶ 2-3]. Accordingly, Plaintiff respectfully submits this motion for $9,720.00 attorney's fees and costs.

## II. FACTUAL AND PROCEDURAL HISTORY

On October 8, 2015, Plaintiff filed this action alleging violations of The Fair Debt Collection Practices Act, ("FDCPA") 15 U.S.C. § 1692, *et seq.*; and The Rosenthal Fair Debt Collection Practices Act, ("RFDCPA") Cal. Civ. Code § 1788, *et seq*. [ECF No. 1]. Specifically, Plaintiff alleged Defendant violated: (i) 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress or abuse a person in connection with the collection of a debt; (ii) 15 U.S.C. § 1692d(6) by placing telephone calls without meaningful disclosure of the caller's identity; (iii) 15 U.S.C. § 1692e by making false, deceptive, and misleading representations in connection with the collection of a debt; (iv) 15 U.S.C. § 1692e(10) by using false representations or deceptive means to collect or attempt to collect a debt; and (v) 15 U.S.C. § 1692e(11) by failing to identify themselves as a debt collector in a communication with a consumer. [ECF No. 1 at p. 5].

On October 28, 2015, Defendant answered the Complaint (ECF No. 4) and served Plaintiff with an Offer of Judgment under Fed. R. Civ. P. Rule 68. [ECF No. 8]. Plaintiff accepted the Offer of Judgment on October 29, 2015. [ECF No. 8]. On October 30, 2015, Judgment was entered against Defendant as follows:

> …[P]ursuant to Rule 68 of the Federal Rules of Civil Procedure, judgment is entered in favor of plaintiff against defendant in the total amount of $2,001.00, in full and final satisfaction of any and all damages sought from defendant in the above-captioned action. Defendant shall also pay an additional amount for reasonable attorneys' fees and costs incurred by plaintiff in the above-captioned action. Such fees and costs shall be in an amount agreed to by the parties, or if they are unable to agree, as determined by the Court upon Motion.

Since the entry of judgment against Defendant, counsel for both parties have conferred in an attempt to resolve Defendant's liability for attorney's fees but have been unable to come to an agreement. [Sinnett Decl." ¶¶ 2-3].

### III. LEGAL STANDARD

The FDCPA provides that reasonable attorneys' fees and costs shall be awarded to a prevailing plaintiff. Specifically, 15 U.S.C. § 1692k(a)(3) of the FDCPA states that:

> [A]ny debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person… [for] the costs of the action, together with a reasonable attorney's fee as determined by the court.

"The FDCPA's statutory language makes an award of fees mandatory." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008); citing *Tolentino v. Friedman,* 46 F.3d 645, 651 (7th Cir.1995).

### IV. ARGUMENT

"Once a party has established that he is entitled to attorneys' fees, '[i]t remains for the district court to determine what fee is 'reasonable.'" *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Increases or decreases are warranted in rare or exceptional cases. *See Blum v. Stenson*, 465 U.S. 886, 898-901 (1984); *Harris v. Marhoefer*, 24 F.3d 16 (9th Cir. 1994); *Clark v. City of Los Angeles*, 803 F.2d

987, 990-91 (9th Cir. 1986).

It is undisputed that Plaintiff is to be paid reasonable attorney's fees and costs for this action because Defendant has agreed to such as part of its Offer of Judgment. [ECF No. 8]. Moreover, Plaintiff is entitled to reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) as Plaintiff is the prevailing party in this action and judgment has been entered in favor of Plaintiff accordingly. [ECF No. 9].

"In determining what constitutes a reasonable attorney fee when a contract or statute provides for such an award, courts should consider the nature of the litigation, its difficulty, the amount involved, and the skill required and success of the attorney's efforts, his or her learning, age and experience in the particular type of work demanded, the intricacies and importance of the litigation, the labor and necessity for skilled legal training and ability in trying the cause, and the time consumed. [citations omitted]." *Contractors Labor Pool, Inc. v. Westway Contractors, Inc.,* 53 Cal.App.4th 152, 168 (1997).

Thus, the only question raised by the present Motion is what amount of attorney's fees are reasonable in this case.

**A. CONGRESS INTENDED TO ENCOURAGE PRIVATE ENFORCEMENT OF THE FDCPA.**

As with other consumer protection statutes, a FDCPA plaintiff is the "chosen instrument of Congress to vindicate a policy that Congress considered of the highest priority." *Postow v. Oriental Bldg Ass'n*, 455 F. Supp. 781, 785 (D.D.C. 1978), aff'd in part and rev'd in part on other grounds, 627 F.2d 1370 (D.C. Cir. 1980) (applying to the Truth in Lending Act the description in *Christiansburgh Garment Co. v. EEOC*, 434 U.S. 412, 418 (1978). Indeed, the Ninth Circuit has held that, "Congress clearly intended that private enforcement action would be the primary enforcement tool of the [FDCPA]." *Baker v G.C. Servs. Corp.*, 677 F.2d 775, 780-81 (9th Cir. 1982). Thus, Congress encouraged

1 private enforcement by providing that attorney's fees must be awarded to the
2 successful consumer. *See* 15 U.S.C. § 1692k(a)(3). This attorney fee provision
3 encourages defendants to comply with the law, while providing consumers an
4 incentive and the financial ability to bring suits:

> If the 2,000 plus [TILA] suits filed each year represent even the majority of the alleged violations of the Act, the government has the option of creating a substantial bureaucracy to detect and prosecute these numerous alleged violations or to rely on the self-interest of the injured consumer to perform these tasks. The latter option is undoubtedly more cost efficient from the government's standpoint and is probably more efficient overall, assuming that consumers are in a better position to detect violations committed against them than some government agency would be. Because private litigation is as a supplement, rather than as an alternative to public enforcement of the Act, its encouragement through attorneys' fees and damages cannot help but affect a fuller compliance with the Act. *Postow*, 455 F. Supp. at 785-786.

Such civil statutory penalties are intended "to provide creditors with a meaningful incentive to comply with the law without relying on an extensive new bureaucracy." Sen.Rep.No.93-278, p. 14. The Ninth Circuit has upheld this position with regards to the FDCPA opining, "that the FDCPA mandates an award of attorney's fees as a means of fulfilling Congress's intent that the Act should be enforced by debtors acting as private attorneys general." *Camacho*, 523 F.3d at 978; citing *Graziano v. Harrison,* 950 F.2d 107, 113 (3d Cir.1991).

The plain language of the statute and Ninth Circuit make clear that Congress intended the FDCPA, and similar statutes, be enforced by private litigants through attorney fee shifting provisions.

///

///

///

### B. PUBLIC POLICY FAVORS AWARDING ATTORNEYS ACTING AS PRIVATE ATTORNEYS GENERAL THEIR ATTORNEYS' FEES AND COSTS.

Federal Courts have long recognized the importance of the fee shifting provision of the FDCPA and have uniformly held such awards are mandatory:

> Given the structure of the section, attorney's fees should not be construed as a special or discretionary remedy; rather, the Act mandates an award of attorney's fees as a means of fulfilling Congress's intent that the Act should be enforced by debtors acting as private attorneys general. *Tolentino v. Friedman*, 46 F.3d 645, 651-52 (7th Cir. 1995).

Plaintiff's entitlement to attorney's fees and costs has been repeatedly reaffirmed by the Ninth Circuit. For example, *Camacho v. Bridgeport Financial, Inc.* stated "[t]he FDCPA's statutory language makes an award of fees mandatory. The reason for mandatory fees is that Congress chose a 'private attorney general' approach to assume enforcement of the FDCPA." *Camacho*, 523 F.3d at 978.

The *Tolentino* court also noted Congress' specific intent to allow an individual Plaintiff the ability to pursue an action where the burden of costs and fees would otherwise economically preclude this type of rights enforcement. *Tolentino* 46 F.3d at 632. "Unlike most private tort litigants, a plaintiff who brings an FDCPA action seeks to vindicate important rights that cannot be valued solely in monetary terms and congress has determined that the public as a whole has an interest in the vindication of the statutory rights." *Id*. The Court held similarly in *Camacho* when it rejected the district court's "flat fee" approach, and in its remand for further findings directed that "the amount of [attorney's fees] must be determined on the facts of each case. *Camacho*, 523 F.3d at 978.

Moreover, the difficulty in private attorneys general actions, such as the FDCPA and similar state enacted statutes, is that the potential for recovery is not clear at the time the litigation is commenced unlike in personal injury actions. *Bowers v. Transamerica Title Insurance Company*, 675 P.2d 193, 204 (Wash. 1983). Additionally, the amount in controversy is usually too small to induce an

attorney to commence litigation on a percentage contingency. Accordingly, "the purpose of the statutory fee award is to benefit the plaintiff by allowing the plaintiff to obtain counsel in order to pursue redress for relatively small claims." *Grove v. Huffman*, 262 Ill. App. 3d 531, 539 (1994).

By providing the private bar with incentive to involve itself in consumer litigation through fee-shifting, the government is relieved of the costs of protecting consumers while insuring that consumers may still avail themselves of their statutory rights. A different result would create a deterrent for the private bar to pursue an action for which Congress has so emphatically dictated an importance. *See* 15 U.S.C. § 1692(e). This sort of "chilling effect" would counter the purpose of the statute, which, when coupled with the provision awarding attorneys' fees "is to encourage consumers to file actions to vindicate their rights." *Grove v. Huffman*, 262 Ill. App. 3d 531, 539 (1994). As a result, public policy dictates that Plaintiff's attorney's fees and costs be paid by Defendant.

### C. FEES IN THE FULL LODESTAR AMOUNT SHOULD BE AWARDED.

Plaintiff seeks an award of attorney's fees based upon the lodestar formula.

#### 1. *Plaintiff's attorney is to be awarded fees pursuant to the lodestar formula.*

The U.S. Supreme Court has explained the calculation for an award of attorney's fees:

> The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. The calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. *Hensley v. Eckerhart*, 461 U.S. 424, 433; 103 S. Ct. 1933, 1339; 76 L. Ed. 2d. 40 (1983).

Although this decision, and many others cited hereinafter, arise in the context of the Civil Rights Attorneys Fees Award Act, 42 U.S.C. § 1988, its criteria is equally applicable here. "The standards set forth in this opinion are

1 generally applicable in all cases in which Congress has authorized an award of fees to a prevailing party." *Id*. 103 S. Ct. at 1939, n.7.  "We have stated in the past that the fee-shifting statutes similar language is 'a strong indication that they are to be interpreted alike.'" *Independent Federation of Flight Attendants v. Zipes*, 491 U.S. 754; 109 S. Ct. 2732, 2735 n.2 (1989) (quoting *Northcross v. Memphis Bd. of Education*, 412 U.S. 427, 428 (1973). The lodestar is calculated by multiplying the reasonable number of hours expended by the reasonable hourly rate. *Friend v. Klodzieczak*, 72 F.3d 1368, 1389 (9th Cir. 1995).

Testimony of an attorney as to the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. *Glendora Community Redevelopment Agency v. Demeter*, (1984) 155 Cal.App.3d 465, 470-471, 478; *Margolin v. Regional Planning Com.*, (1982) 134 Cal.App.3d 999, 1006; *Martino v. Denevi*, 182 Cal.App.3d 553, 559 (1986).

Attorney Wayne A. Sinnett has considerable experience litigating a variety of consumer rights issues, including individual and class actions, brought under the The Fair Debt Collection Practices Act, ("FDCPA") 15 U.S.C. § 1692, *et seq*.; The Rosenthal Fair Debt Collection Practices Act, ("RFDCPA") Cal. Civ. Code § 1788, *et seq*. The Fair Credit Reporting Act ("FCRA") 15 U.S.C. 15 § 1681, *et seq*; and The California Consumer Credit Reporting Agencies Act, ("CCRAA") Cal. Civ. Code § 1785, *et seq*. [*See* Sinnett Decl. ¶¶ 6-11; Declaration of Aaron M. Lloyd ("Lloyd Decl.") ¶¶ 1-4; Declaration of Andrei Armas ("Armas Decl.") ¶¶ 1-4].

To date, Plaintiff's counsel has expended 23 hours during the course of this litigation. A full breakdown of those hours and a detailed Time Sheet is attached as Exhibit 1 to the Declaration of Wayne A. Sinnett.

As the attorney time sheets show, the amount of time expended by Wayne A. Sinnett is reasonable to effect a judgment in favor of Plaintiff.  [Sinnett Decl. ¶¶ 12-15; Exhibit 1].

The reasonable hourly rate for an attorney with the experience of Mr. Sinnett is reasonable and is appropriately supported by fellow attorneys who practice before this Court. [*See* Lloyd Decl. ¶¶ 1-4; Armas Decl. ¶¶ 1-4]. See *Blum v. Stenson*, 465 U.S. 886, 104 S. Ct. 1541, 79 L. Ed. 2d. 891 (1984). Thus, the combined lodestar calculation for the efforts of all attorneys as detailed above is reasonable. In addition, Plaintiff also incurred $520.00 as costs and expenses of this litigation. Therefore, prior to the hearing on the current motion to recover attorneys' fees and costs, the lodestar calculation for the award of attorneys' fees and cost to Plaintiff in this matter totals $9,720.00.

### 2. *Previously Established Rates are Appropriate for Plaintiffs' Counsel.*

The U.S. Supreme Court has stated "[t]he statute and legislative history established that 'reasonable fees' under Section 1988 are to be calculated according to the prevailing market rates in the relevant community, regardless of whether plaintiff is represented by private or nonprofit counsel." *Blum v. Stenson*, *supra*, 465 U.S. at 895, 104 S. Ct. at 1547 (footnote omitted). Furthermore, "[d]eclarations regarding the prevailing market rate in the relevant community suffice to establish a reasonable hourly rate." See *Widrig v. Apfel,* 140 F.3d 1207, 1209 (9th Cir. 1998); *Guam Soc'y of Obstetricians & Gynecologists v. Ada*, 100 F.3d 691, 696 (9th Cir. 1996).

"In order to encourage able counsel to undertake FDCPA cases, as Congress intended, it is necessary that counsel be awarded fees commensurate with those which they could obtain by taking other types of cases … Paying counsel in FDCPA cases at rates lower than those they could obtain in the marketplace is inconsistent with the Congressional desire to enforce the FDCPA through private actions, and therefore misapplies the law." *Tolentino v. Friedman*, 46 F. 3d 645, 652-653 (7th Cir. 1995). A fee award should permit counsel "to earn an income that would be competitive with colleagues who get paid when or lose." *Bayless v. Iris Leopold Imports, Inc.*, 659 F. Supp. 942 (D. Ore. 1987).

Here, attorneys with experience litigating similar cases in the Southern District of California have agreed to provide declarations supporting the reasonableness of the hourly rate requested by Plaintiff's counsel. The declarations of Aaron M. Lloyd and Andrei Armas are filed concurrently herewith.

### 3. *Plaintiff's Hourly Rate is Reasonable.*

The United States Supreme Court has stated: "[t]he statute and legislative history establish that 'reasonable fees' under section 1988 are to be calculated according to the prevailing market rates in the relevant community, regardless of whether plaintiff is represented by private or non-profit counsel. *Blum v. Stenson*, 465 U.S. 886, 895, 104 S. Ct. 1541, 1547. In addition, the courts have reminded us that "[p]aying counsel at rates lower than those they can obtain in the marketplace is inconsistent with the congressional desire to enforce the FDCPA through private actions, and therefore misapplies the law." *Tolentino v. Friedman*, 46 F.3d 645, 653 (7th Cir. 1995). Furthermore, the Ninth Circuit also reiterated that the relevant legal marketplace is not limited to FDCPA cases: "[i]n order to encourage able counsel to undertake FDCPA cases, as congress intended, it is necessary that counsel be awarded fees commensurate with those that they could obtain by taking other types of cases. *Camacho v. Bridgeport Financial, Inc.*, 523 F. 3d 973, 978 (9th Cir. 2008).

### 4. *Counsel's Rates are Consistent with Market Rates.*

Courts have also relied on surveys of billing rates in determining an appropriate hourly rate. California Attorney Fee Awards, Second Edition, § 12.33 (Continuing Education of the Bar, Richard Pearl, November 2003.) In *Berherena v. Coler*, 753 F.2d 629, 633 (7th Cir. 1985), the court relied on a survey in a 1984 National Law Journal article to satisfy the rights awarded to the plaintiff's attorney. In December 2006, the National Law Journal published its annual survey of attorney's fees. The survey indicated that Fenwick and West (Mountain View, CA) charged $245-475 per hour for its Associates, with an average of $355 per

hour, and $465-750 per hour for its partners, with an average of $570 per hour.

In this matter, a partner is billing at a rate of $400. [Sinnett Decl. ¶ 12]. That rate is $65 lower than even the lowest partner rate cited in the survey and is nearly 30% lower than the average rate of $570 for an attorney at the partner level.

### 5. *The rates sought by Plaintiff's attorney are reasonable and commensurate with their experience in the field of consumer protection.*

Plaintiff seeks an award of attorney's fees and costs in the amount of $9,720.00 that is comprised of 23 hours at an hourly rate of $400 per hour. Specifically, Plaintiff seeks to recover attorney's fees for Wayne A. Sinnett at a rate of $400 per hour. The hourly rate of Plaintiff's attorney is delineated in Plaintiff's moving papers is commensurate with the experience and training of Plaintiff's counsel. These rates are also supported by the 2013-2014 United States Consumer Law Attorney Fee Survey Report. [*See* Exhibit 2.]

#### a. The rates sought by Plaintiffs' counsel comply with the 2013-2014 United States Consumer Law Attorney Fee Survey.

In 2013, a survey was conducted of consumer advocates across the country to determine the rates charged by attorneys practicing in the area of consumer protection by an "attorney's years in practice, location of practice, and size of firm." [See Exhibit 2.] The attached survey supports the billing rates requested, as the average billing rate data in the survey, grouped by both region and years in practice, is consistent with those rates. This survey establishes that "85.9% of all California consumer Law attorneys (regardless of all other factors) have a billable hourly rate above $ 325 and the average rate [is] $439" [See Exhibit 2 at p. 19].

Based upon the experience and partner status of Mr. Sinnett, a billable rate of $400.00 is well within the reasonable and acceptable range. Thus, Plaintiff's counsel should be awarded the requested attorneys' fees and costs in full.

///

///

### 6. *The Award of Attorneys' Fees is NOT Limited by the Amount of Damages.*

As long as the plaintiff is successful, *i.e.*, recovers more than nominal damages, the plaintiff should be awarded attorneys fees pursuant to a lodestar calculation. *Zagorski v. Midwest Billing Services, Inc.*, 128 F.3d 1164 (7th Cir. 1997). Here, Plaintiff recovered $2,001.00, which exceeds the amount of statutory damages recoverable under the FDCPA and RFDCPA. [See ECF No. 9]. Plaintiff is therefore the prevailing party and received a highly favorable recovery in this action.

Despite the fact that an award of attorneys' fees is *not* limited by the amount of damages, Plaintiff's favorable result justifies the attorneys' fees and costs sought by the current Motion.

"In the absence of any indication that Congress intended to adopt a strict rule that attorneys fees under section 1988 be proportionate to damages recovered, we decline to adopt such a rule ourselves." *City of Riverside v. Rivera*, 477 U.S. 561, 581; 106 S. Ct. 2686, 2697; 91 L. Ed. 2d. 466 (1986) (footnote omitted). See also *Quaration v. Tiffany & Co.*, 166 F.3d 422 (2d Cir. 1999). The benefits to the public as a whole resulting from lawsuits which encourage compliance with statutory provisions are more important than relatively small damage awards. Indeed, when the provision for counsel fees is included in a regulatory act, it is a recognition that enforcement of the statute would be unlikely if an individual had to pay his or her own attorney's fees. The Court quoted Senator Tunney's remarks the Congressional Record:

> If the citizen does not have the resources, his day in court is denied him; the congressional policy which he seeks to assert and vindicate those under indicated; and the entire nation, not just the individual citizen, suffers. *City of Riverside v. Rivera, supra,* 477 U.S. at 575, 106 S. Ct. at 2694 (citation omitted).

The Third Circuit amplified this thought stating:

> Congress provided fee shifting to enhance enforcement of important civil rights, consumer-protection, and environmental policies. By providing competitive rates we assure that attorneys will take such cases, and hence increase the likelihood that the congressional policy of redressing public interest claims will be vindicated. *Student Public Interest Research Group v. AT&T Bell Laboratories*, 842 F.2d 1436, 1449 (3d Cir. 1988).

As stated above. "Congress has relied on such plaintiffs to act as private attorneys general." *Id.*, at 1450 n.13. See also *Graziano v. Harrison*, 950 F.2d 107, 113 (3d Cir. 1991). The amount of damages awarded need not bear any relation to the amount of attorney's fees granted. "[A]ttorney's fees awarded by district courts have 'frequently outrun the economic benefits ultimately obtained by successful litigants.'" *Evans v. Jeff D.*, 475 U.S. 717, 735 (1986) (citations omitted). Upon finding a statutory violation and damages, the attorney's fees award should be made in the lodestar amount. *Johnson v. Eaton*, 80 F.3d 148 (5th Cir. 1996).

Although the amount of reasonable attorneys' fees awarded pursuant to the FDCPA is left to the sound discretion of the judge, the Court may find the following awards helpful in making its determination. The Northern District of California awarded $98,924 and attorney's fees in a FDCPA case that had $3,240.80 in damages. *Civitello v. First Credit of America, LLC.*, 2007 U.S. Dist. LEXIS 46620 (N.D. Cal. 2007). In *Armstrong v. The Rose Law Firm, P.A.*, 2002 WL 31050583 (D. Minn., Sept. 5, 2002), the District Court approved the award of $43,180 in attorney's fees for the plaintiff recovered $1,000 in statutory damages. The Southern District of Florida affirmed the bankruptcy court's award of attorney's fees of $29,037.50 where the plaintiff recovered FDCPA statutory damages of $1,000. *In re Martinez*, 266 B.R. 523, 544 (Bankr. S.D. Fla. 2001), aff'd 271 B.R. 696 (S.D. Fla. 2001). In *Jones v. Robert Vest*, 2000 U.S. Dist.

LEXIS 19026 (E.D. Va. Dec. 27, 2000), the court awarded $17,766.49 in costs, litigation expenses and attorney's fees in a FDCPA case with $1,000 in statutory damages. In *Perez v. Perkiss*, 842 F. Supp. 883 (D. Del. 1990), the District Court awarded $10,110 in attorney's fees with the plaintiff's recovery was $1,200. The Seventh Circuit reversed a district court's denial of attorney's fees even though the plaintiff's only recovered $100 ($50 each) as FDCPA statutory damages and remanded for determination of an award of attorneys' fees. *Zagorski v. Midwest Billing Services, Inc.*, supra at 1167.

"Unlike most private tort litigants, a plaintiff who brings an FDCPA action seeks to vindicate important rights that cannot be valued solely in monetary terms and Congress has determined that the public as a whole has an interest in the vindication of the statutory rights." *Tolentino v. Friedman*, supra at 652 citing *City of Riverside v. Rivera*, 477 U.S. 561, S. Ct. 2686 (1986).

"When a plaintiff has obtained excellent results, his attorney should recover a full compensatory fee." *Hensley v. Eckerhart*, supra at 435. Here, Plaintiff's counsel believes that an award of $ 2001.00 in damages to Plaintiff is an excellent result for Plaintiff.

### D. PLAINTIFF'S ATTORNEYS ARE ENTITLED TO AN AWARD OF COSTS AND LITIGATION EXPENSES.

Plaintiff's request an award of costs and litigation expenses in addition to an award of attorneys' fees, pursuant to 15 U.S.C. 1692k(a)(3). Plaintiff seeks reimbursement of costs totaling $520.00. [*See* Plaintiff's Bill of Costs filed concurrently herewith].

### E. ADDITIONAL TIME EXPENDED AND COSTS INCURRED ARE ALSO RECOVERABLE.

The attorney's fees sought include time expended on the present motion. The *Ketchum* decision carefully considered and reaffirm that attorneys' fees should include all fees expended, including those spent in the effort to recover attorneys' fees. See *Ketchum v. Moses*, supra, 24 Cal. 4th at 1141. That Court

1  noted that the purpose of statutory fee authorizations "will often be frustrated,
2  sometimes nullified, if awards are diluted or dissipated by lengthy,
3  uncompensated proceedings to fix or defend a rightful fee claim." *Id*. at 1133
4  [citations omitted].

5  In *Downey Cares v. Downey Community Development Commission*, the
6  court also addressed whether plaintiffs' attorney should be compensated for work
7  spent on the motion for attorneys' fees, as distinguished from their work on the
8  merits of the case. The court stated that the theory for awarding fees for all time
9  spent, including time spent on fee related issues, is to preserve the benefit of the
10 award for services on the merits. *Downey Cares v. Downey Community
11 Development Commission*, *supra*, 196 Cal. App. 3d at 997; See also *Bankes v.
12 Lucas* (1992) 9 Cal. App. 4th 365, 368; *Harbour Landing-Dolfann, Ltd., v.
13 Anderson* (1996) 28 Cal. App. 4th 260, 263.

14 The Ninth Circuit also allows recovery of attorneys' fees for time spent
15 preparing and filing a motion for attorneys' fees and costs. *Jordan v. Multnomah
16 County*, 815 F.2d 1258, 1264 (9th Cir. 1987); *Rosenfeld v. S. Pac. Co.*, 519 F.2d
17 527, 530 (9th Cir. 1975).

18 Thus, the attorney's fees incurred in preparing the present motion are
19 recoverable.

20 Additionally, Plaintiff's counsel anticipates that Plaintiff will incur an
21 additional two (2) hours to review Defendant's opposition to this Motion and an
22 additional two (2) hours to draft and file a Reply. Such additional are similarly
23 recoverable as stated herein.

24 **F. PLAINTIFF MAY SEEK DEFENDANT COUNSEL'S BILLING RECORDS.**

25 Finally, in the event Defendant questions the fees requested herein, Plaintiff
26 seeks leave to address Defendant's concerns, and may also request evidence of
27 Defendant's billings herein. It is an abuse of discretion to refuse to allow discovery
28 as to defense counsel's hours and fees when Defendant is challenging the

reasonableness of Plaintiffs' hours and fees. *Henson v. Columbus Bank & Trust Co.*, 770 F.2d 1566, 1575 (11th Cir. 1985). See also *Real v. The Continental Group, Inc.*, 116 F.R.D. 211 (N.D. Cal. 1986) (Defense counsel's time spent, attorneys' fees and costs are relevant and are not privileged). *Henson v. Columbus Bank & Trust Co.*, 770 F.2d 1566, 1575 (11th Cir. 1985); See also *Real v. The Continental Group, Inc.*, 116 F.R.D. 211 (N.D. Cal. 1986) (Defense counsel's time spent, attorneys' fees and costs are relevant and are not privileged).

## V. CONCLUSION

An award of reasonable attorney's fees and costs is mandated in this action as Plaintiff is the prevailing party under the FDCPA, and entitlement to attorney's fees and costs are expressly granted by the judgment entered in favor of Plaintiff. The time billed reflects the time required to successfully prosecute this case to its current posture. The hourly rate sought by Wayne A. Sinnett is a reasonable market rate. Thus, based upon the lodestar calculation, attorney's fees should be awarded to plaintiff's counsel in the amount of $9,200.00, and costs in the amount of $520.00, for a total of $9,720.00.

Dated: November 13, 2015                    Respectfully submitted,

**SINNETT LAW, APC.**

BY: /S/ WAYNE A. SINNETT
WAYNE A. SINNETT, ESQ.
ATTORNEY FOR PLAINTIFF