**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

PATRICIA ARANA,

Plaintiff,

vs.

MONTEREY FINANCIAL SERVICES INC.,

Defendant.

CASE NO. 15cv2262-LAB (BGS)

**ORDER ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**

Patricia Arana sued Monterey Financial Services, Inc. for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*., and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, *et seq*. (Docket no. 1.) Three weeks after Arana filed her complaint, Monterey made, and Arana accepted, a Fed. R. Civ. P. 68 Offer of Judgment. (Docket no. 8.) The Offer of Judgment requires Monterey to pay $2,001 plus reasonable attorney's fees and costs. (Docket no. 8-1.) Now Arana's attorney—Wayne A. Sinnett—seeks $10,800 in attorney's fees. (Docket no. 10.) Monterey opposes the amount Arana seeks in attorney's fees. (Docket no. 15.)

Both sides agree that Arana is entitled to a "lodestar" amount that is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). They disagree on the proper hourly rate and whether all of Sinnett's time is compensable.

Sinnett calculates his request based on a $400 hourly rate, and provides an account statement, which details the tasks he performed in working on the case, and shows that he spent 23 hours on it. (Docket no. 10-2, ¶ 12; Docket no. 10-3.) In support of the attorney's fees motion, Sinnett estimated that he'd spend an additional "2 hours to review Defendant's Opposition and authorities cited therein" and "2 hours to draft and file Plaintiff's reply brief." (Docket no. 10-2, ¶ 15.) And the reply contends that he surpassed his 4 hour estimate in drafting the reply, but it doesn't include time records or a supporting declaration.

Sinnett presents three arguments to justify the $400 rate. *First* he cites a 2006 National Law Journal survey, which reportedly "indicated that Fenwick and West (Mountain View, CA) charged . . . $465-750 per hour for its partners, with an average of $570 per hour." (Docket no. 10-1, 10–11.) He argues that his $400 rate is reasonable because it's "$65 lower than even the lowest partner rate cited in the survey and is nearly 30% lower than the average rate of $570 for an attorney at the partner level." (*Id.*) *Second* he cites the 2013-2014 United States Consumer Law Attorney Fee Survey Report ("Consumer Fee Survey"), which reports that "85.9% of all California consumer Law attorneys (regardless of all other factors) have a billable hourly rate above $325 and the average rate [is] $439." (*Id.*, 11; Docket no. 10-4 at 17.) He argues that, "[b]ased upon the experience and partner status of Mr. Sinnett, a billable rate of $400.00 is well within the reasonable and acceptable range." (Docket no. 10-1, 11.) *Third* he presents the declarations of two consumer litigation attorneys that say a $400 rate is reasonable. (Docket nos. 10-5 and 10-6.)

Monterey argues that a $400 hourly rate is excessive because of the simple nature of this matter and because Sinnett has only been a member of the California bar since May 19, 2015. (Docket no. 18, 4–6.) And it argues that the Court should reduce the request because it includes clerical work, duplicative time entries, and unnecessary research in light of the simple nature of this matter. (*Id.*, 6–11.)

**1. Hourly Rate**

The burden is on the fee applicant to justify the rate sought, which includes showing "that the requested rates are in line with those prevailing in the community for similar

services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 (1984) (emphasis added). Sinnett is silent as to his skill and reputation, and vaguely asserts that he has "considerable experience." (Docket no. 10-1.) But he doesn't dispute that he first became a member of the California bar in May 2015. And he doesn't suggest that he was a practicing attorney in a different jurisdiction before May 2015. Thus, the evidence suggests that Sinnett has the experience of a first year consumer rights attorney, and he hasn't met his burden to show otherwise.

The Consumer Fee Survey that Sinnett relies on discredits his request for a $400 rate. Indeed, for attorneys with less than one year practicing consumer law, it reports that the average hourly rate in the "Pacific Region" is $113, (Docket no. 10-4, 40), the average in the "California Region" is $216, (*Id.*, 34), and the average in Los Angeles is $250, (*Id.*, 80.) In all three locations, the average hourly rate doesn't surpass $400 until after the tenth year of experience. (*Id.* at 34, 40, 80.)

Sinnett's reference to Fenwick and West's partners' hourly rates is similarly unavailing because he provides no facts to suggest the complexity of those partners' practices, or what they would charge for cases that are of similar complexity to this one. *See Tomovich v. Wolpoff & Abramson, LLP*, 2009 WL 3486693, at *3 (S.D. Cal. Oct. 22, 2009) ("Although the rates of local attorneys practicing at large firms may help determine reasonable fees, Plaintiff fails to sufficiently compare the rates those attorneys would charge in similar cases, i.e., simple FDCPA litigation."); *Santiago v. CACH LLC*, 2013 WL 5945805, at *5 (N.D. Cal. Nov. 4, 2013) (considering case complexity in determining hourly rates). And while Sinnett refers to himself as a "partner," and for that reason compares himself to Fenwick and West's partners, it isn't clear whether the shared title is relevant here because Sinnett hasn't established that he is at the same experience level as Fenwick and West's partners. *See Rubenstein v. Nat'l Recovery Agency, Inc*., 2012 WL 1425144, at *2 (C.D. Cal. Apr. 25, 2012) ("In determining a reasonable hourly rate, a court should consider the prevailing rate in the community for similar work by attorneys of comparable skill, *experience*, and reputation." (emphasis added)).

Finally, the Court gives little credit to the attorney declarations. First, they're at considerable odds with the rates for first year attorneys reflected in the Consumer Fee Survey. Second, both declarants say that they've "known Wayne A. Sinnett in a professional capacity for several years" and emphasize that Sinnett is "at the partner level," suggesting that they're not aware that Sinnett was first admitted to the California bar in May 2015. (Docket nos. 10-5 and 10-6.) Third, in weighing the contradictory evidence, the declarants are more suspicious because they were "aware [their declarations] would be used as evidence in the future to support a reasonable hourly rate" and therefore "had an incentive to inflate their wages." *Rubenstein*, 2012 WL 1425144, at *3 (describing a 2007 fee survey as "highly suspect" for this reason).

Of all the hourly rate evidence submitted by the parties, the most relevant is the Consumer Fee Survey's data for first year Los Angeles, California consumer law attorneys. Of all the cities represented in the Consumer Fee Survey, Los Angeles is the one that's geographically closest to San Diego. The Court's independent research suggests that Los Angeles and San Diego rates are similar, and if anything, applying a Los Angeles rate slightly overcompensates Sinnett. *See Brown v. Mandarich Law Grp., LLP*, 2014 WL 1340211, at *2 (N.D. Cal. Apr. 2, 2014). A $250 hourly rate applies.

**2. Clerical Time**

"Fees for work that is clerical in nature are part of normal overhead costs and are not included in recoverable hours." *Klein v. Law Offices of D. Scott Carruthers*, 2015 WL 3626946, at *5 (N.D. Cal. June 10, 2015) (citing *Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009)); *see also Missouri v. Jenkins ex rel. Agyei*, 491 U.S. 274, 288 n.10 (1989) ("[P]urely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them."). Clerical tasks include: filing and scheduling, *eMove Inc. v. SMD Software Inc.*, 2012 WL 4856276, at *7 (D. Ariz. Oct. 11, 2012), setting up meetings, *Daley v. A & S Collection Associates, Inc.*, 2010 WL 5137834, at *7 (D. Or. Dec. 10, 2010), working through retainer issues, *Abad v. Williams, Cohen & Gray, Inc.*, 2007 WL 1839910, at *10 (N.D. Cal. Apr. 23, 2007), preparing exhibits, *Anish v. Nat'l Sec. Corp.*, 2014 WL 5034720,

at *3 (S.D. Fla. July 3, 2014), preparing a civil cover sheet, *Martell v. Baker*, 2015 WL 3920056, at *3 (N.D. Cal. June 25, 2015), communicating with process servers, *Weaver v. JTM Performant Recovery, Inc*., 2014 WL 4843961, at *6 (D. Kan. Sept. 29, 2014), preparing a summons, *id.*, and preparing a proof of service, *Lowe v. Elite Recovery Sols. LP*, 2008 WL 324777, at *6 (E.D. Cal. Feb. 5, 2008). The attorney's fees motion seeks reimbursement for 4.6 hours that Sinnett spent on these unrecoverable tasks. (*See* Docket no. 10-3.) They're excluded.

**3. Time Spent Reviewing ECF Notices**

Sinnett also seeks reimbursement for reviewing 7 ECF notifications, at 0.1 hours per notice. (*See id.*) Monterey challenges this time as clerical. (Docket no. 18, 7–9.) The Court disagrees. But, "[w]hile the time spent reviewing the underlying documents is clearly compensable, it is difficult for the court to award such excessive time to glance at the ECF notices." *Arnold v. Pfizer, Inc*., 2015 WL 4603326, at *9 (D. Or. July 29, 2015); *see also Barile v. Allied Interstate, Inc*., 2013 WL 795649, at *7 (S.D.N.Y. Jan. 30, 2013) ("The Firm has submitted extremely detailed time records, but that very detail often hides exaggeration and excess. For example, in each of these cases, Kimmel Firm attorneys and staff have billed multiple entries of '0.1 hour'—often several on one day—for very brief, mundane tasks such as emailing a document, e-filing, or receiving a notice of appearance or other notification from the Court's automated Electronic Case Filing ('ECF') system. This excessive specificity appears designed to inflate the total number of hours billed, by attributing a separate 6 minutes to each brief task."). The Court estimates that, at most, Sinnett spent 6 minutes looking at the 7 ECF e-mails. So Sinnett's fee request is reduced by 0.6 hours.

**4. Attorney's Fees for Drafting and Filing Reply**

There's no time records or supporting declaration to establish that Sinnett spent 4 compensable hours on the reply brief. *Cf. Marshall v. Reisman*, 2013 WL 1563335, at *5 (E.D.N.Y. Mar. 25, 2013) (refusing to award attorney's fees for reply brief because "[a]lthough the attorneys have noted in their declarations how many hours they spent in total

in their work on the reply, they have not submitted the mandatory contemporaneous time records to support this request"). Since the attorney's fees motion sought reimbursement for unrecoverable tasks; Sinnett's estimate included time for "filing," which is unrecoverable; and Sinnett hasn't established that he spent 4 hours of recoverable time on the original motion, "this is precisely the type of situation where review of contemporaneous time records would allow the court to assess the reasonableness of the request." *Id.* The Court won't award fees for the reply brief.

**5. Duplicative Time Entries**

Monterey contends that several of Sinnett's time entries are duplicative. The challenged entries mainly relate to sending e-mails, reviewing responses to the e-mails, and then replying to the responses. The Court disagrees that the time records reflect duplicate entries for the same work. There's a possibility that, as with the ECF time entries, Sinnett's billing method inflates the time that he actually spent on the tasks. But, unlike the ECF time entries, it's not readily apparent whether that's the case. The fee award isn't reduced for duplicative entries.

**6. Unnecessary Research**

Monterey contends that Sinnett conducted hours of unnecessary research and "[t]he need for this extensive research time . . . flies in the face of [his] claims that he has extensive experience in FDCPA and RFDCPA actions." (Docket no. 18, 10.) The court has alleviated this concern by lowering Sinnett's requested rate to reflect his experience level. The fee award isn't reduced for excessive research time.

**7. Conclusion**

Arana is entitled to 17.8 hours in attorney's fees at the rate of $250 per hour, for a total of $4,450.

**IT IS SO ORDERED**.

DATED: April 4, 2016

HONORABLE LARRY ALAN BURNS
United States District Judge